**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| DRK Photo, a sole proprietorship, ) | No. CV 11-08133-PCT-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| John Wiley & Sons, Inc., and John Doe) Printers 1-10, ) |  |
| Defendants. ) |  |

We have before us defendant John Wiley & Sons, Inc.'s ("Wiley") motion to dismiss or transfer (doc. 18), plaintiff's response (doc. 22), and defendant's reply (doc. 23). Wiley asks that we transfer this case to the United States District Court for the Southern District of New York.

Wiley filed an action in the Southern District of New York on August 5, 2011, seeking a declaration that it is not liable to DRK for fraud or copyright infringement. DRK Photo ("DRK") filed this case on August 25, 2011, alleging copyright infringement. (Doc. 1). Wiley argues we should dismiss or transfer this case because the New York action was filed first.

The first-to-file rule allows us to "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). Exceptions to the rule include bad faith, anticipatory suit, and forum shopping. Alltrade, Inc. v. Uniweld Prods.,

1  Inc., 946 F.2d 622, 628 (9th Cir. 1991); Employers Ins. of Wausau v. Fox Entertainment
2  Group, Inc., 522 F.3d 271, 275-76 (2d Cir. 2008) (exceptions are balance of convenience and
3  special circumstances, including improper anticipatory declaratory judgment action). When
4  the first-to-file rule applies, "the second district court has discretion to transfer, stay, or
5  dismiss the second case in the interest of efficiency and judicial economy." Cedars-Sinai
6  Med. Center v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997). "[W]here the first-filed action
7  presents a likelihood of dismissal, the second-filed suit should be stayed, rather than
8  dismissed." Alltrade, 946 F.2d at 629.

9       The parties agree that the first-to-file rule applies, but DRK contends that an exception
10 applies and, as a result, we should deny Wiley's motion or defer ruling. A complaint seeking
11 only declaratory relief may be categorized as an anticipatory suit if it is "filed in response to
12 a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal
13 action." Employers Ins. of Wausau, 522 F.3d at 276. The first court should determine
14 whether an exception applies and which forum will hear the case. See, e.g., MSK Ins., Ltd.
15 v. Employers Reinsurance Corp., 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002).

16      Wiley's complaint in the Southern District of New York was dismissed with leave to
17 amend. DRK's motion to dismiss on grounds of an exception to the first-to-file rule was
18 denied with leave to renew. Wiley filed an amended complaint on November 2, 2011 and
19 DRK resubmitted its motion to dismiss. This motion is currently pending before the
20 Southern District of New York. Once that motion is decided, either we will transfer this case
21 to New York, or the New York court will transfer that case here. It is thus premature to
22 decide the motion to dismiss or transfer now.

23      **IT IS THEREFORE ORDERED DENYING** defendant's motion to dismiss or
24 transfer (doc. 18) on grounds of prematurity.

25      DATED this 18th day of November, 2011.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -